JUDGE CASEY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WAV, L.P.

    Defendant

05 CV 4196



## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, WAV, L.P. (hereinafter, "WAV", "Licensee" or "Defendant"), formerly Wasserstein Adelson Ventures, L.P., is a Delaware limited partnership formed

Complaint For Receivership and Injunction - Page 1

on or about October 22, 1996 and maintains its principal office at 1301 Avenue of the Americas, 44th Floor, New York, New York 10019. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. WAV was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on November 1, 1996, SBA License No. 02/72-0569, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. WAV's Limited Partnership Agreement expressly provides that WAV was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7. WAV's general partner is Wasserstein Ventures, L.L.C., a Delaware limited partnership and wholly owned subsidiary of Cypress Capital Assets, L.P.

8. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to WAV through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $70,050,592.00.

10. Compliance with the terms of Leverage provided by SBA required that WAV not have a condition of Capital Impairment, as that term is defined under the Regulations.

11. According to audited financial information provided by WAV to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, WAV has a condition of Capital Impairment.

12. SBA afforded WAV an opportunity to cure its condition of Capital Impairment and WAV has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

13. WAV's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. § 107.1830(b).

14. WAV's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. § 107.507(a), for nonperformance of the terms of its Participating Securities.

15. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as WAV may be forfeited and the company may be declared dissolved.

16. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a Licensee such as WAV, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a

violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§ 107.1830(b) and 507(a)

17. Paragraphs 1 through 16 are adopted herein by reference.

18. WAV has an uncured condition of Capital Impairment as that term is defined under the Regulations.

19. SBA has determined that WAV is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

20. SBA has determined that WAV is in violation of the Regulations, 13 C.F.R. §§ 107.1830(b) and 507(a).

21. SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of WAV for the purposes of liquidating WAV and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A.   That injunctive relief, both preliminary and permanent in nature, be granted restraining WAV, its officers, directors, general partners, managers, agents,

Complaint For Receivership and Injunction - Page 4

employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of WAV, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate WAV's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of WAV and all of its assets, wherever located, appoint SBA as receiver of WAV for the purpose of marshaling and liquidating the assets of WAV and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That upon the liquidation of WAV and the completion of the receivership, WAV's SBIC license may be revoked.

E. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

Dated: April, 25, 2005  
Brooklyn, New York

ROSLYN R. MAUSKOPF  
United States Attorney  
Eastern District of New York  
Attorney for Plaintiff  
1 Pierrepont Plaza – 14th Fl.  
Brooklyn, New York 11201

By: _____  
William B. Young (WY9160)  
(718) 254-6057

Complaint For Receivership and Injunction - Page 5

Dated: 6/25/2005

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
ANDREA L. MAYER
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
Telephone: (202) 205-6876
Facsimile: (202) 481-0210

Attorneys for Plaintiff

Complaint For Receivership and Injunction - Page 6